UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAZMINE I. ROBERTS,

                Plaintiff,

          -against-

PLS CHECK CASHERS, et al.,

                Defendants.

1:24-CV-4032 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Jazmine I. Roberts, of Flushing, Queens County, New York, who is appearing *pro se*, filed this action invoking the court's federal question jurisdiction. (ECF 1, at 2.) She asserts that the federal constitutional or federal statutory bases for her claims are: "Discrimination of character, violation of Amendments, violation of the Declaration of Independence, violation of the human rights Declaration, violation of the Social Security American Act Di[s]ability [*sic*]." (*Id.*) Plaintiff sues PLS Check Cashers of the Bronx, New York, and what appear to be unidentified individuals, referred to by Plaintiff as "John Doe" and "Jane Doe" defendants, who may be employees of, or are otherwise affiliated with, PLS Check Cashers. She seeks the following relief: "I'd like my original Western Union money receipt given back." (*Id.* at 6.)

        The Court construes Plaintiff's complaint as asserting claims of federal constitutional violations under 42 U.S.C. § 1983, under the court's federal question jurisdiction, as well as claims under state law, under the court's supplemental jurisdiction. By order dated June 27, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine

whether those facts make it plausible – not merely possible – that the pleader is entitled to relief.

*Id.* at 679.

<b>BACKGROUND</b>

Plaintiff alleges that the events that are the bases for her claims have occurred at PLS

Check Cashers, in the Bronx, New York, on or about May 19, 2024, and on other unspecified

dates. (ECF 1, at 5.) Plaintiff also alleges the following:

> I walked into PLS Check Cashing located at 738 E. 233rd St. Bronx, NY . . . the first time on an unknown date and my Western Union or PLS money order was cashed.

> The second time I walked into PLS Check Cashing . . . and was told that they could not cash my Western Union money order.

> The third time I walked into PLS Check Cashing . . . on an unknown date and was told that they could not cash my Western Union money order.

> The fourth time I walked into PLS Check Cashing . . . on an unknown date and was told they couldn't cash my money order.

(ECF 1, at 5-6.) Plaintiff further alleges the following:

> The fifth time I walked into PLS Check Cashing . . . I was asked "why do I want to cash the money order." The money order, the money order receipt and my NYS ID was taken into [a] cubicle. Then I was asked if I was alright[.] My money order was cashed but the PLS Check Cashing employee gave me my money[,] my NYS ID and kept my Western Union money order rec[ei]pt. She made a copy and told me that we are having some difficulties so we have to keep your Western Union money order rec[ei]pt and give you a copy.

(*Id.* at 10.)

<b>DISCUSSION</b>

**A.    Claims under 42 U.S.C. § 1983**

Plaintiff's claims under 42 U.S.C. § 1983 must be dismissed. A claim for relief under

Section 1983 must allege facts showing that the defendants acted under the color of a state

"statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under

Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of

the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) ("State action [for the purpose of Section 1983 liability] requires *both* . . . the exercise of some right or privilege created by the State . . . *and* the involvement of a person who may fairly be said to be a state actor." (internal quotation marks and citation omitted, emphasis in original)). Private entities are not generally considered to be state actors. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties. . . ." (internal quotation marks and citations omitted)).

Plaintiff sues PLS Check Cashers, a private entity, and three unidentified individual defendants who appear to be private employees of, or are somehow otherwise privately affiliated with, PLS Check Cashers; she alleges nothing to suggest that any of the defendants are state actors. Accordingly, the Court dismisses Plaintiff's claims under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Claims under state law**

The Court understands Plaintiff's claims under state law as brought under the court's supplemental jurisdiction. A federal district court may decline to exercise supplemental jurisdiction of claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed Plaintiff's claims of which the Court has original subject matter jurisdiction, the Court declines to exercise its supplemental jurisdiction of any of her

claims under state law. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## C.    Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## D.    Litigation history

In a January 10, 2022 order of dismissal, in another of Plaintiff's *pro se* actions, the Court cautioned Plaintiff "that, before filing any lawsuit, she must make a good faith investigation into whether she has a nonfrivolous legal claim. Repetitive filing of frivolous litigation in this [c]ourt will result in an order barring Plaintiff from filing new [civil] actions [IFP in this court] without prior permission." *Roberts v. The United States Dist. Court of the Southern District of New York*, ECF 1:22-CV-0127, 5, at 5 (S.D.N.Y Jan. 10, 2022).

Following Plaintiff's filing of the complaint commencing this action, on July 29, 2024, in another order of dismissal in another of Plaintiff's *pro se* actions, the Court noted Plaintiff's history of filing nonmeritorious civil actions in this court, and warned her "that the further filing of nonmeritorious cases may result in an order directing her to show cause why she should not be prohibited from filing any further [civil] actions in this court IFP without first obtaining permission from this court to file." *Roberts v. United States*, ECF 1:24-CV-1512, 4, at 7 (S.D.N.Y. July 29, 2024). On September 8, 2024, the Court issued a similar warning in yet

another *pro se* action that Plaintiff filed in this court. *Roberts v. EmblemHealth Neighborhood Care*, ECF 1:24-CV-1857, 4, at 7 (S.D.N.Y. Sept. 8, 2024).

The Court strongly reiterates the abovementioned warnings to Plaintiff.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order. *See* 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1367(c)(3).

The Court also certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court further directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:    October 21, 2024
          New York, New York

                                    /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                                Chief United States District Judge